[Cite as *Upman v. Lucas Cty. Bd. of Commrs.*, 2016-Ohio-7884.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Paul Jeffrey Upman, etc. | Court of Appeals No. L-16-1044 |
| Appellee | Trial Court No. CI0201402706 |
| v. | |
| Lucas County/Board of Lucas County Commissioners, et al. | **DECISION AND JUDGMENT** |
| Appellants | Decided: November 23, 2016 |

* * * * *

Charles E. Boyk, Michael A. Bruno, and Wesley D. Merillat, for appellee.

Frank H. Scialdone and Cara M. Wright, for appellants.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 11, 2016 judgment of the Lucas County Court of Common Pleas, denying summary judgment to appellants Lucas County and the Board of Lucas County Commissioners. For the reasons set forth more fully below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Paul Jeffrey Upman, as guardian, sets forth the following assignment of error:

{¶ 3} THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT LUCAS COUNTY/BOARD OF LUCAS COUNTY COMMISSIONERS THE BENEFIT OF IMMUNITY UNDER OHIO REVISED CODE CHAPTER 2744.

{¶ 4} The following undisputed facts are relevant to this appeal. On February 1, 2014, Lucas County was under a Level 3 snow emergency due to an ongoing winter storm. On February 1, 2014, Deputy Luis Gonzales ("Gonzales") of the Lucas County Sheriff's Department was on duty during the first shift in the course and scope of his employment at the county jail.

{¶ 5} Despite the extreme, inclement weather and an official snow emergency being in effect, Gonzales took a Sheriff's Department van and began to drive to an area McDonald's to purchase food. While driving across a bridge on Summit Street over a creek approximately 35 feet below the bridge, Gonzales lost control of his vehicle, the vehicle spun out of control, went across multiple lanes of traffic, hit the curb, and skid to a stop positioned in the opposite direction of which the vehicle had originally been travelling.

{¶ 6} Following the loss of control and accident, Gonzales remained in the vehicle and began to compose himself. A woman who had been driving at that time in that location witnessed the incident. The witness approached Gonzales and advised him that she was quite concerned as she had observed a male pedestrian walking on the bridge

2.

when Gonzales lost control of the vehicle but she no longer saw the man after the vehicle spun to a stop.

{¶ 7} At this point, Gonzales then exited his vehicle, looked over the side of the bridge, and observed a badly injured man lying on the ice covered stream below the bridge. Gonzales returned to his vehicle, called his dispatcher, advised that he had lost control of his vehicle, and relayed that a fallen individual was below the bridge.

{¶ 8} In the interim, several Toledo police officers out on patrol came upon the scene of the accident. The officers approached Gonzales and inquired about the incident. Gonzales advised them that there is a man on the ice below the bridge. Gonzales did not advise them that he had lost control of his van and hit the bridge curb or that he had been approached by an eyewitness who subsequently left the scene and whose name and contact information he failed to obtain.

{¶ 9} The Toledo police officers immediately summoned emergency rescue personnel for the injured man. Upon further inquiry by the officers, Gonzales conveyed that he had lost control of his motor vehicle on the bridge and spun out and that there had been an eyewitness. Upon questioning, he also conveyed that he had not secured her name or contact information.

{¶ 10} Upon the arrival of rescue personnel at the scene, Gonzales immediately returned to work, arranged to leave work early, and then went home. Gonzales did not check on the status of the injured man. Gonzales was not cited for any traffic law violations in connection to this accident.

3.

**{¶ 11}** The injured man, a legally incompetent adult male represented by an appointed guardian, was transported by emergency personnel to St. Vincent Mercy Hospital. The injured man sustained multiple severe injuries, including a ruptured spleen, collapsed lungs, numerous bone fractures, and cranial injuries including cranial bleeds. Emergency surgery was performed.

**{¶ 12}** Paul Jeffrey Upman, the father and court-appointed legal guardian of the injured man, subsequently filed a negligence action against Gonzales, Lucas County, and the Lucas County Board of County Commissioners.

**{¶ 13}** Although Gonzales individually is entitled to statutory immunity, as conceded by the plaintiff, R.C. 2744.02(B)(1) establishes that a government employer is expressly liable for damages and injuries caused by an employees, "[N]egligent operation of any motor vehicle * * * when engaged within the scope of employment." An exception to this statutory liability would be in the event that the employee was responding to an emergency call at the time of the incident, which is not the scenario presented in this case.

**{¶ 14}** Following the filing of the underlying negligence complaint, the parties engaged in lengthy and extensive discovery, including the taking of half a dozen depositions in connection to this matter.

**{¶ 15}** On October 1, 2015, appellants filed for summary judgment. In support, appellants maintained that all named defendants are shielded from liability pursuant to statutory immunity. In turn, appellee maintained the applicability of the R.C.

4.

2744.02(B)(1) statutory immunity exception in connection to Lucas County/Lucas County Board of County commissioners.

{¶ 16} On February 11, 2016, the trial court granted summary judgment, in part, and denied summary judgment, in part. Specifically, Gonzales was granted summary judgment based upon applicable statutory immunity, but summary judgment was denied to Lucas County and the Board of County Commissioners. The trial court held in pertinent part:

Upon a review of the record, the Court concludes that reasonable minds could differ as to the proximate cause of Jeff's injuries. Deputy Gonzales admitted that a passerby told him a pedestrian was on the bridge at the time he lost control of the van. Deputy Gonzales then immediately looked over the bridge and saw Jeff on the ice below the bridge in close proximity to where he said the van hit the curb. Further, Plaintiff's expert, Robert G. Pachella, opined that Jeff was either struck by the van or fell from the bridge as a result of a behavioral reaction to avoid the van * * * [G]iven the admission by Deputy Gonzales that a passerby told him a pedestrian was on the bridge when he lost control of the van, the proximity in time and space, and expert opinion that it could have been Jeff and not the curb that was struck thereby propelling Jeff off the bridge, a jury could well find in favor of the plaintiff * * * [R]easonable minds can infer, as did officers Talton and Palicki, that Jeff jumped from the bridge to avoid being struck by the van * * * Therefore, construing all inferences and doubts in

favor of the plaintiff [non-moving party], the Court concludes that a genuine issue of material fact exists as to causation.

{¶ 17} This appeal ensued.

{¶ 18} In the sole assignment of error, appellants maintain that the trial court erred in denying summary judgment to Lucas County/Lucas County Board of Commissioners. We do not concur.

{¶ 19} It is well-established that the standard of review governing summary judgment rulings on appeal is de novo, applying the same standard as that utilized by the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 671 N.E.2d 241 (1996). The standard for summary judgment is delineated in Civ. R. 56(C). Granting summary judgment is appropriate where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and when construing the evidence in favor of the nonmoving party, reasonable minds cannot differ as to judgment in favor of the movant. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 375 N.E.2d 46 (1978).

{¶ 20} R.C. 2744.02(B)(1) governs the incident underlying this matter. It establishes that political subdivisions, such as appellants, are encompassed by an exception to statutory immunity pursuant to which liability in civil actions is imposed for injuries and damages proximately caused by the negligent operation of a motor vehicle by employees of the political subdivision acting in the course and scope of their employment.

6.

{¶ 21} We are not persuaded by appellants' suggestions that the inability to absolutely rule out a suicide attempt by the injured party or similar wholly unsupported conjecture in any way compromises the propriety of the disputed summary judgment ruling.

{¶ 22} The record of evidence reflects that on February 1, 2014, Gonzales was in uniform, on the job, and operating a motor vehicle owned by his employer. Gonzales was in the course and scope of his employment. The record reflects the Gonzales elected to drive the motor vehicle to an area fast food restaurant despite the snow emergency. The record reflects that Gonzales lost control of his vehicle while driving across a bridge, spun around multiple times across multiple lanes of traffic, struck something, and came to rest in the opposite direction. The record reflects that an independent eyewitness observed a male pedestrian on the bridge at the time Gonzales lost control of the vehicle and no longer observed the pedestrian after the vehicle came to a stop. The record reflects that a severely injured man was immediately discovered lying on the ice covered creek below the bridge, in immediate proximity to the traffic incident. Assertions by appellants that no genuine issue of material fact remains, and reasonable minds can only conclude no proximate causation exists between the operation of the motor vehicle by Gonzales and the man's fall from the bridge and resulting injuries are wholly unpersuasive.

{¶ 23} On the contrary, we find that when construing the evidence most strongly in favor of the nonmoving party, ample evidence exists in the record from which reasonable minds could infer the negligent operation of a motor vehicle by Gonzales

7.

proximately caused the 35-foot fall and severe injuries sustained by the injured party.  As such, we find that the denial of summary judgment to appellants was proper.

{¶ 24} Wherefore, the summary judgment ruling of the Lucas County Court of Common Pleas is hereby affirmed.  Appellants are ordered to pay the cost of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____

Stephen A. Yarbrough, J.
CONCUR.

JUDGE

_____
JUDGE